## MOUNT CARMEL BOROUGH APPEAL.

PHILADELPHIA AND READING COAL AND IRON COMPANY, Appellant.

No. 130, January Term, 1935.

This appeal is from the assessments placed on most of the property which the Philadelphia and Reading Coal and Iron Company owns in the Borough of Mount Carmel, Northumberland County. The appellant company owns the greater part of the coal under the borough, and over forty acres of surface land, title to which is held in fee. No appeal has been taken from the assessments of the lands owned in fee.

The assessments appealed from are upon "coal reserve," or land of which appellant owns only the mineral rights. This land underlies the built-up section of the borough. Mining, therefore, must be done in such a manner as not to cause subsidence or sinking of the surface, with consequent injury to buildings thereon erected. Appellant leases a substantial part of its holdings here to the Lehigh Valley Coal Company. It has, however, done no mining in this territory itself for a number of years, and the colliery from which it would be mined is not now in operation.

The important veins of coal lie close to the surface in this area, and the outcrop of two veins (No. 10 and No. 11) runs through the borough. The two large veins in this field (No. 8 and No. 9) were mined here many years ago, and the only coal remaining in them is in pillars left for the support of the top. As added support these veins,

and such part of the veins above them as have already been mined, have been "slushed" throughout a large part of appellant's workings.[12] The witnesses for the county stated that perhaps some coal could still be recovered from the No. 10 and No. 11 veins, and that some of the pillars could be removed from the No. 8 and No. 9 veins, but that any further mining in these veins would have to be accompanied by slushing in order not to cause sinking at the surface. From the record it appears that the cost of slushing varies greatly, depending upon the remoteness of the workings to be slushed. Although the coal is worth more than the waste material used to replace it, this adds materially to the expense of mining, and decreases the value of coal land which must be mined in this way.

With the upper veins thus largely removed from consideration, the only readily available coal in this property lies in three lower veins. According to the county witnesses, one of these is largely exhausted, another is not a persistent vein in this territory, although it can be worked to some extent, while the third has not been mined but in their judgment contains good coal.

The court below reduced the assessments on this coal reserve property and valued it at only five-eights of the value placed on the lands in the borough which appellant owns in fee. There is no appeal from the assessment of the fee lands. Considering the relative values given elsewhere in the county to fee land and coal reserve, we think the court below made ample allowance for the fact that mining in this territory must be restricted. In this appeal, therefore, the decree of the court below is affirmed.

In No. 130, January Term, 1935, the decree of the court below is affirmed, costs to be paid by appellant.

---

[12] "Slushing" is a method of filling old mine workings hydraulically with fine waste material. Mine refuse is mixed with water and pumped into the workings, where it solidifies, and adds support to the overlying strata.